IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROLANDO GARZA, | ) | |
| Plaintiff(s), | ) | No. C 09-2583 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| A. J. GARCIA, et al., | ) | (Docket # 6 & 10) |
| Defendant(s). | ) | |

Plaintiff, a prisoner currently incarcerated at High Desert State Prison, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging wrongdoing on the part of prison officials at Salinas Valley State Prison.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such

relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff alleges that on August 21, 2008, while he was incarcerated at Salinas Valley State Prison ("SVSP"), he slipped and injured himself trying to open a shower door. Plaintiff claims that Correctional Officer A. J. Garcia is liable for his injuries because Garcia told him to pull on the door when it would not open and because Garcia picked him up from the floor after he slipped. According to plaintiff, Garcia should have known not to move an injured person.

Plaintiff further alleges that after he got up, took a shower and returned to his cell, he told Correctional Officer Rodriguez that he needed medical attention. Rodriguez responded that he would ask the nurse to stop by, but the nurse did not stop by until more than an hour later. Plaintiff claims that Garcia's and Rodriguez's failure to get him medical help sooner amounted to "clear negligence."

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment. Id. at 834. A prison official cannot be held liable under § 1983 for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. Id. at 837.

Although regrettable, plaintiff's allegations with regards to Garcia's alleged role in plaintiff's slip and fall fail to state a claim upon which relief may be granted under § 1983. Perhaps Garcia should not have asked plaintiff to pull on the shower door and perhaps Garcia should not have picked up plaintiff from the floor after he slipped. But this at most states a claim for negligence or gross negligence not cognizable under § 1983. See id. at 835-36 & n.4. It is not enough to state a claim for deliberate indifference to plaintiff's health and safety needs under the Eighth Amendment. See id. at 837.

And for essentially the same reasons, plaintiff's allegations that Garcia's and Rodriguez's failure to get him medical help sooner amounted to "clear negligence" also fail to state a claim upon which relief may be granted under § 1983. There is no indication that either Garcia or Rodriguez knew that plaintiff needed emergency medical attention – plaintiff was able to get up, take a shower and return to his cell. And as soon plaintiff asked for medical attention he was told that a nurse would come by shortly. The one or so hour delay that ensued was not so excessive as to raise an inference of deliberate indifference. See, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (rejecting claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch because claims did not amount to more than negligence); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain). Again, plaintiff's allegations do not amount to more than a claim for negligence or gross negligence not cognizable under § 1983.

/

To be sure, plaintiff was injured and may be bring a claim for negligence or gross negligence in the state court.  But he cannot do so here simply by invoking § 1983.

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions (see docket # 6 & 10) as moot, and close the file.

SO ORDERED.

DATED:   Jan. 11, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Garza, R1.dismissal.wpd

4